# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § | |
| v. | § § | **MO:12-CR-00230-DC** |
| **(1) MARK WELDON MILLER,** *Defendant*. | § § § | |

## ORDER DENYING DEFENDANT'S
## MOTION FOR COMPASSIONATE RELEASE

BEFORE THE COURT is pro se Defendant Mark Weldon Miller's Motion for Compassionate Release filed on November 13, 2019. (Doc. 74). The Government filed a timely Response on January 24, 2020.[1] (Doc. 78). After due consideration of the parties' arguments, the Court **DENIES** Defendant's Motion. *Id.*

### I.   BACKGROUND

Defendant entered guilty pleas to Count One, Attempt to Receive Child Pornography, in violation of 18 U.S.C. § 2252(a)(2), Count Two, Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2), and Count Three, Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4). (Doc. 45). Defendant was sentenced on April 25, 2013, to 204 months in the custody of the Bureau of Prisons on Counts One and Two, and 120 months BOP on Count Three, all sentences to run concurrently, and life of supervised release on all counts to run concurrently. (Doc. 48). Defendant has served ninety-two (92) months of his sentence. (*See* Doc. 78 at 3). Defendant now seeks to have his sentenced reduced pursuant to 18 U.S.C. § 3582(c)(1)(A), 28 C.F.R. § 571.06, and the Bureau of Prison's Program Statement 5050.49. (Doc. 74 at 1).

---

1. The Court ordered the Government to file a response to the instant Motion on or before Friday, January 17, 2020. (Doc. 75). The Government requested an extension, which the Court granted, extending the response deadline to Friday, January 24, 2020. (Text Only Entry, Jan. 17, 2020).

Defendant's factual basis for requesting compassionate release is that his parents "are in their early and mid-eighties [] and are in acute need of full-time live-in care if they are to continue living independently in their own home in Midland, Texas." (Doc. 74-1 at 1). Defendant alleges that there are no other family members able to care for his parents. *Id.*

## II.     LEGAL STANDARD

The First Step Act went into effect on December 21, 2018. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Section 603(b) of the First Step Act modified 18 U.S.C. § 3582(c)(1)(A), allowing not only the BOP to file a motion for compassionate release but also a defendant after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [the defendant's] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). The premise for the modification was "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194.

Besides allowing prisoners to bring a motion directly, the First Step Act did not alter the standard for compassionate release. The standard requires courts first to determine that an extraordinary and compelling reason warrants the reduction, and second, whether the defendant is a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(1)–(2). Finally, the reduction must also be consistent with policy statements issued by the Commission. § 3582(c)(1).

## III.     DISCUSSION

Defendant urges the Court to reduce his sentence to time served with life of supervised release under § 3582(c)(1)(A)(i) based on his parents' incapacity and because there are no other family members available to provide for them. (*See generally* Doc. 74-1 at 1–2).

First, the Court finds that the instant Motion is properly before this Court pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant requested compassionate release with the Warden of the facility in which he is incarcerated multiple times. (Doc. 74). The last request was made sometime in February 2019. *Id.* Thus, more than 30 days have passed from the receipt by the Warden of Defendant's facility. Because Defendant has exhausted all administrative remedies, the Court will consider the merits of Defendant's Motion.

As previously noted, the Court must find that an extraordinary and compelling reason warrants a reduction in Defendant's sentence, and second, that the Defendant is not a danger to the safety of any other person or to the community. After considering Defendant's Motion, the Court finds that Defendant's stated basis for seeking compassionate release is not an extraordinary and compelling reason that warrants a reduction in his sentence. Additionally, the Court finds that Defendant has not met his burden of establishing that he is not a danger to the safety of the community.

The statute does not define "extraordinary and compelling reasons." *See* 18 U.S.C. § 3582. However, U.S.S.G. § 1B1.13 states that extraordinary and compelling reasons exist when the defendant is suffering from a terminal illness; the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; family circumstances; or other reasons. *Id.* cmt. (A)–(D). Defendant argues that he should be granted compassionate release for "other reasons."

After the FSA went into effect it became "unclear how courts are to consider motions to reduce a sentence for 'extraordinary and compelling reasons' or 'compassionate release.'" *United States v. Gonzales*, No. SA-05-CR-561-XR, 2019 WL 5102742, at *2 (W.D. Tex. Oct.

10, 2019) (citations omitted) (explaining a district court split with some courts declining to consider U.S.S.G. § 1B1.13 and others finding district courts are bound by the Commission's policy statement). The Court, like many other district courts, will consider U.S.S.G. § 1B1.13 and apply its discretion. *Id.* at *3.

Defendant's stated reason does not fall into any of the categories set out in the commentary to § 1B1.13. He is not terminally ill, he is not older than 65 years, and he does not have a minor child or a spouse that is incapacitated. U.S.S.G. § 1B1.13 cmt. (A)–(C). Moreover, this Court finds that Defendant's desire to care for his elderly parents does not rise to the level of extraordinary and compelling reasons.[2] *See, e.g.*, *Gonzales*, 2019 WL 5102742, at *3 (citing *United States v. Brown*, No. 4:05-CR-00227-1, 2019 WL 4942051, at *4 (S.D. Iowa Oct. 8, 2019)) (declining compassionate release to a defendant seeking to care for his elderly mother and mentally challenged sister).

The Court also finds that Defendant has not established that he is not a danger to the community under 18 U.S.C. § 3142(g). In fact, Defendant failed to address this requirement in his Motion. Further, given the nature of the charges against Defendant—receipt and possession of child pornography—the Court believes Defendant would be a danger to the community if released; in particular, to children.

---

2. The Court reached this conclusion, in part, because the record reflects that Defendant has two siblings and there is no indication that they are unable to care for their parents. That Defendant is "best suited" to care for their parents is not sufficient to warrant the extraordinary remedy of compassionate release.

## IV. CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's Motion for Compassionate Release. (Doc. 74).

It is so **ORDERED**.

SIGNED this 25th day of January, 2020.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE